UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVONTE JAMES, | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) Case No. 14 CV 7955 |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO POLICE OFFICERS | ) |
| Peter Bucks, Star No. 11515, | ) HON. JOHN BLAKEY |
| Matthew Bouch, Star No. 10723, | ) |
| Terry Frigo, Star No. 8585, | ) |
| Edwin Kaup, Star No.771, | ) |
| Marianne Douglas, Star No. 8755, and | ) |
| Sebatian Magiera, Star No. 10606 | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT AT LAW**

Now comes Plaintiff, DEVONTE JAMES, by and through his attorneys, Jeffrey B. Granich, and make the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant City"), Defendant CHICAGO POLICE OFFICERS Peter Bucks, Star No. 11515, Matthew Bouch, Star No. 10723, Terry Frigo, Star No. 8585, Edwin Kaup, Star No. 771, Marianne Douglas, Star No. 8755, and Sebatian Magiera, Star No. 10606 ("Defendant Officers") as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff DEVONTE JAMES was a 19 year-old, African-American male resident of Chicago, Illinois.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTUAL ALLEGATIONS

7. On or about the early morning hours of November 17, 2013, Plaintiff was visiting his grandmother's residence at or near 926 N Lavergne Ave., Chicago, Illinois.

8. At this time, one or more of the Defendant Officers enter the outside gate of 926 N. Lavergne Ave. without probable cause that Plaintiff had committed any crime and forcefully detained Plaintiff on the porch of his grandmother's home.

9. Despite Defendant Officers having no probable cause that Plaintiff had committed any crime at this time, Defendant Officers proceeded to arrest, handcuff, search, verbally assault and physically assault Plaintiff causing Plaintiff to suffer sever pain and injury, including but not limited to fracturing Plaintiff's jaw bones.

10. After fracturing Plaintiff's jaw, one or more Defendant Officers then placed Plaintiff into a police vehicle and transported him to the 15th District Chicago Police station where he was charged with a violation of criminal statute 720 ILCS 5/31-1-A, Resisting or obstructing a peace officer.

11. At all times relevant hereto, Defendant Officers never provided medical aid to Plaintiff or transported Plaintiff to a hospital for the severe injuries he sustained as a result of the brutal physical assault that one or more Defendant Officers administered on him.

12. At no time during this false arrest and unlawful search and seizure of Plaintiff did Defendant Officers have a valid search or arrest warrant for Plaintiff, consent, exigent circumstances, nor probable cause to believe Plaintiff had or was committing a crime.

13. At all times relevant hereto, Plaintiff DEVONTE JAMES was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

14. In an attempt cover up the Defendant Officers unconstitutional actions, Defendant Officers knowingly falsified police documentation regarding Plaintiff's arrest.

15. On January 8, 2014, Plaintiff's false criminal charge was dismissed by a Cook County Judge.

16 -21 *Filed Under Sealed Exhibit.*

## Count I – 42 U.S.C. § 1983 False Arrest
*(Defendant Officers Bucks, Bouch, Frigo)*

22. Plaintiff re-alleges the previous paragraphs as if fully replead herein.

23. On November 17, 2013, Plaintiff DEVONTE JAMES was seized and arrested without a warrant and without probable cause. These seizures and arrests were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

24. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

25. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiffs.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count II – 42 U.S.C. § 1983 Unlawful Search
*(Defendant Officers Bucks, Bouch, Frigo)*

26. Plaintiff re-alleges the preceding paragraphs as if fully replead herein.

27. Defendant Officers searched Plaintiff's persons without a search warrant, without an arrest warrant, without probable cause, without consent, and

3

without exigent circumstances to believe Plaintiffs were committing or had committed a crime in violation of the 4th Amendment to the United States Constitution on November 17, 2013.

28. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that the CITY OF CHICAGO retains police officer that it knows or should know have a dangerous and violent propensity for committing unconstitutional actions against civilians as shown through Chicago police officers extensive history of misconduct complaints.

29. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

WHEREFORE, Plaintiff prays for judgment against Defendants Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III – 42 U.S.C. § 1983 – Excessive Force
*(Defendant Officers Bucks, Bouch, Frigo)*

30. Plaintiff re-alleges the preceding paragraphs as if fully replead herein.

31. On November 17, 2013, Defendant Officers subjected Plaintiff Devonte James to excessive force.

32. The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiff's constitutional rights.

33. As a result of the unjustified and excessive use of force, as well as Defendant City's policy and practice, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continue to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count IV - 42 U.S.C. § 1983 – Failure to Provide Medical Care
*(Defendant Officers)*

4

34. Plaintiff re-alleges the preceding paragraphs as if fully replead herein.

35. On or about November 17, 2013, Defendants Bucks, Bouch, Frigo, Douglas, Magiera, and Kaup were aware that Plaintiff was suffering from a serious medical condition as a result of being struck in the face.

36. Defendants Bucks, Bouch, Frigo, Douglas, Magiera, and Kaup failed to provide medical care to Plaintiff despite knowing Plaintiff's need for such care.

37. Defendants Bucks, Bouch, Frigo, Douglas, Magiera, and Kaup failure to provide medical care to Plaintiff was unreasonable under the circumstances.

38. As a direct and proximate result of Defendant Bucks, Bouch, Frigo, Douglas, Magiera, and Kaup failure to provide medical care to Plaintiff, Plaintiff suffered significant pain and injury.

WHEREFORE, Plaintiff prays for judgement against Defendant Officers for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief that this Court finds just and equitable.

### Count V – 42 U.S.C. § 1983 – Failure to Intervene
*(Defendants Bucks, Bouch, Frigo)*

30. Plaintiff re-alleges the preceding paragraphs as if fully replead herein.

40. During the constitutional violations as described above, one or more of the Defendant Officers stood by without intervening to prevent the misconduct.

41. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff's constitutional rights.

42. As a result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Officers had a reasonable opportunity to prevent this harm, but failed to do so.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate them for the injuries they suffered and continue to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VI – 42 U.S.C. § 1983 Conspiracy
*(Defendant Officers)*

43. Plaintiff re-alleges the preceding paragraphs as if fully replead herein.

44. Defendant Officers and Defendant City reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

45. Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, and cover up Defendant Officers unconstitutional actions as guaranteed by the constitution.

46. Additionally, said conspiracy and joint action violated Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

47. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the falsification of police documents, illegal seizure, detention, assault, , and search of Plaintiff on November 17, 2013, as more fully alleged in the preceding paragraphs.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate them for the injuries they suffered and continue to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VII – 42 U.S.C. § 1983 *Monell* Claim
*(City of Chicago)*

48. Plaintiff re-alleges the preceding paragraphs as if fully replead herein.

49. The CITY OF CHICAGO directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of defendant officers. The conduct of Defendants BUCKS, BOUCH, and FRIGO were a direct consequence of policies, practices, and customs of the CITY OF CHICAO that are so pervasive that they carry the force of law.

50. At all times relevant to this complaint Defendant CITY OF CHICAGO, acting through the Chicago Police Department and the Independent Police Review Authority ("IPRA"), had in effect policies, practices, and customs that condoned, encouraged, and fostered the unconstitutional conduct of the individual defendants by failing to investigate civilian misconduct complaints against police officers (specifically Officer Bouch, Bucks, and Frigo), failing to discipline officers for committing constitutional misconduct (specifically

        Officer Bouch, Bucks, and Frigo), and failing to hold accountable officers that commit constitutional misconduct against civilians (specifically Officer Bouch, Bucks, and Frigo).

51. The CITY OF CHICAGO's failed policies, practices, and customs were a direct and proximate cause of the damages and injuries complained of herein in that the CITY OF CHICAGO was and is deliberately indifferent to the fact that it retains and deploys numerous Chicago Police Officers on the streets of Chicago that have a dangerous propensity of committing violent and unconstitutional actions against civilians without ever investigating these officers, disciplining these officers, or attempting to remedy behavioral problems. Instead, the CITY OF CHICAGO has a *de facto* policy, practice, and custom of turning a blind-eye to Chicago police officers constitutional misconduct against civilians.

52. That on November 17, 2013, Plaintiff was at his grandmother's residences, he had committed no crime, and Defendant Officers committed numerous violent and unconstitutional acts against him for which caused him to suffer severe physical and emotional injuries – including a fractured jaw.

53. Prior to November 17, 2013, the CITY OF CHICAGO knew that defendant Officers BUCKS, BOUCH, and FRIGO had a substantial record of past civilian complaints against them and knew or should have known that these Defendant Officers exhibited dangerous propensities and patterns of committing violent and unconstitutional conduct against civilians.

54. At no time prior to November 17, 2013, despite actual knowledge of the numerous civilian complaints against the Defendant Officers, did the Defendant CITY OF CHICAGO attempt to intervene, discipline, or hold accountable Defendant Officers for past misconduct. Instead, Defendant CITY OF CHICAGO turned a blind-eye to the extensive misconduct history of Defendant Officers, never disciplined these officers, never held them accountable, and never attempted to remedy their violent and unconstitutional propensities against civilians.

55. As a direct and proximate result of the CITY OF CHICAGO's failed policies, practices, and customs Chicago police officers (specifically Defendant Officers BOUCH, BUCKS, and FRIGO) believed that committing violent and constitutional misconduct against civilians were sanctioned by the CITY OF CHICAGO in that they knew that they would never be investigated, disciplined, or held accountable by the CITY OF CHICAGO for committing such conduct. This is specifically shown by:
    a. The fact that Defendant Officers BOUCH, BUCKS, and FRIGO were never disciplined or held accountable by the CITY OF CHICAGO for similar misconduct despite having at least 56 prior civilian complaints being levied against them prior to November 17, 2013.

7

    b.   The fact that the CITY OF CHICAGO makes findings against police officers in an unreasonably low rate, despite the CITY OF CHICAGO's knowledge of the widespread problem of violent police misconduct against civilians. For example, between March 2011 and September 2015, roughly 28,567 civilian complaints were made to IPRA against Chicago police officers for which IPRA sustained less than 2% against officers- an unreasonably low percentage.

    c.   The fact that on the rare occasions that a complaint against an officer is sustained the vast majority of discipline administered by the CITY OF CHICAGO amounts to a mere reprimand or nominal suspension.

    d.   The fact that the CITY OF CHICAGO does not monitor or track the number of complaints made against an officer in order to become alerted to behavioral issues of a police officer in order to prevent future misconduct from occurring and/or remedy troubling, unconstitutional, and dangerous officer behavior.

    e.   The fact that so long as a Chicago police officer denies wrongdoing, along with his/her fellow officers deny wrongdoing the CITY OF CHICAGO will not sustain complaint or discipline the officer.

    f.   The CITY OF CHICAGO routinely partners officers that have numerous civilian complaints together despite it knowing that such a practice increases the danger of these officers (or gang of officers) will continue to commit unconstitutional and violent acts against civilians.

56.   As a matter of widespread policies, practices, and customs the CITY OF CHICAGO, acting through the Chicago Police Department and IPRA, routinely suppresses police misconduct by failing to fairly and reasonably investigate police misconduct against civilians, failing to hold accountable and discipline Chicago police officers for committing misconduct against civilians which directly facilitates and encourages this misconduct to continue. The following are examples of some of the failed policies, practices, and customs of the CITY OF CHICAGO that caused the Plaintiff's constitutional injuries:

    a.   The establishment of a reviewing authority that is biased against civilian complainants at the inception by favoring police officers versions of events so long as the officer and his or her partners deny wrongdoing;

    b.   The staffing of investigators of police misconduct allegations with unqualified individuals who are closely tied with the police and so discredit civilian complaints as a matter of course;

    c.   Refusal to require accused officer to make recorded statement of the incident in question, despite requiring complainants to do so. This is true even when substantial evidence exists to collaborate the claim – i.e. where visible injury and supporting medical records are available, similar to Plaintiff's complaint;

    d.   The accepting of arrest reports and other police documentation created by accused Chicago police officers as true, despite specific contradictory statements made by the complainant. In other words, IPRA or CPD investigators are instructed to accept police reports of accused officers or

their partners as true accounts of incident complained of without ever receiving an independent statement from the officer;

e. Failing to promptly contact and record witness statements and preserve evidence. This includes the fact on the rare occasions that an accused officer is interviewed the CITY OF CHICAGO delays an accused officers statement for months and/or years after the complaint was initiated;

f. Failure to obtain sufficient documents and/or evidence to fairly investigate a complaint. For instant, failing to obtain medical records or past allegations of misconduct against the accused officers;

g. Failure to take into account past misconduct allegations of an accused officer, even when an officer's complaint record history is extensive as to establish a pattern and practice of the accused officer;

h. Failure to sufficiently discipline an officer, even where the complaint is so obviously true or is sustained. For example, in the last ten years, by the Chicago Police Board own accounting, not one sworn Chicago police officer was discharged for committing excessive force on a civilian and in 2015 IPRA recommended no-discipline for 99% of the civilian complaints made against officers;

i. Fabrication of exculpatory evidence or destruction of evidence;

j. Discrediting civilian complainants credibility by categorizing the complaining civilian as not a sufficient witness to sustain a complaint and thus requiring independent witnesses or video evidence to collaborate the complaint. This is true even when substantial physical evidence (i.e. documented medical injuries) collaborates the civilian's complaint. However, even when corroborating witness testimony exist, IPRA investigators refuses as a matter of policy to sustain a complaint against a police officer, or recommend discipline of an officer, so long as the accused officer(s) and their partners deny the civilians allegations;

k. Failing to visit Cook County Department of Corrections to obtain witness statements or complainant's statements or affidavits.

57. Instead of disciplining, flagging, intervening, or holding accountable Chicago police officers (specifically Defendant Officers BOUCH, BUCKS, and FRIGO) for their violent behavior and pattern of misconduct against civilians, the CITY OF CHICAGO, through its inaction and omissions, tolerated the behavior and directly encouraged and condoned this misconduct to continue by not intervening or investigating these officers.

58. The CITY OF CHICAGO is aware that numerous of its officers (including Defendant Officers BOUCH, BUCKS, and FRIGO) have extensive records of civilian misconduct complaints against them, and yet as a matter of policy, practice, and custom the CITY OF CHICAGO continues to allow these officers to patrol the streets of Chicago without any discipline, accountability, or behavioral intervention in an attempt to remedy and prevent these officers from committing future misconduct.

9

59. Furthermore, the CITY OF CHICAGO is aware that Chicago police officers know that so long as they deny any civilian allegation made against them or against a fellow officer the CITY OF CHICAGO will credit their account over that of the civilian and will not subject the officer to discipline or hold them accountable for their actions. The CITY OF CHICAGO thereby facilitates and encourages a "code of silence" in the Chicago Police Department. This code is an implicit understanding between and among members of the Chicago Police Department resulting in a refusal or failure to report instances of police misconduct of which they are aware. This includes police officers that remain silent or give false or misleading information during official investigations into allegations against themselves or fellow officer's misconduct in order to protect themselves or fellow officers from discipline, criminal prosecution, or civil liability.

60. Likewise, the CITY OF CHICAGO forbids its investigative agencies to take into account this known "code of silence" within the Chicago Police Department when it is investigating police misconduct or evaluating accused officer's official statements or police documents.

61. The failed policies, practices, and customs complained of herein are widespread and demonstrate a deliberate indifference on the part of the CITY OF CHICAGO to the constitutional rights of civilians within the City, and are the direct and proximate cause of the violations of Plaintiff's constitutional rights.

62. The above acts and/or omissions of the CITY OF CHICAGO violated the Plaintiff's rights under the United States Constitution.

63. As a direct result of the facts and allegations set forth above Plaintiff Devonte James has suffered and will continue to suffer permanent injury of a personal and emotional nature.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY OF CHICAGO in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VIII—Malicious Prosecution
*(Defendants Bucks, Bouch, Frigo, Kaup)*

64. Plaintiff re-alleges the preceding paragraphs as if fully re-pleaded herein.

65. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

66. Defendant Officers initiated and continued judicial proceedings against

10

Plaintiff DEVONTE JAMES by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County Judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for criminal violations.

67. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

68. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

69. Plaintiff DEVONTE JAMES criminal case was dismissed by a Cook County Judge.

70. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries they suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count IX – False Imprisonment
*(Defendants Bucks, Bouch, Frigo)*

71. Plaintiff re-alleges the preceding paragraphs as if fully re-pleaded herein.

72. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

73. On November 17, 2013, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

74. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

75. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

11

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count X – Intentional Infliction of Emotional Distress
*(Defendants Bucks, Bouch, Frigo, Kaup)*

76. Plaintiff re-alleges the preceding paragraphs as if fully re-pleaded herein.

77. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

78. Defendant Officers' illegal arrest, unlawful seizure, excessive force, and malicious prosecution of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

79. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

80. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count XI – Battery
*(Defendants Bucks, Bouch, Frigo)*

81. Plaintiff re-alleges the preceding paragraphs as if fully re-pleaded herein

82. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

83. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting within the scope of their employment as police officers, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiffs bodily injuries.

84. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

85. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

86. The misconduct described in this Count was undertaken by the Defendants within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

WHEREFORE, Plaintiff pray for judgment against the Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks coast and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count XII—State Law Claims Against Defendant City
*Respondeat Superior* **and Indemnification**

87. Plaintiff re-alleges the preceding paragraphs as if fully re-pleaded herein.

88. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

89. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

DEVONTE JAMES
Plaintiff,


By: /s/ *Jeffrey Granich*
       Jeffrey B. Granich
       Attorney for Plaintiff

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 1028
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030