IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVONTE JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 C 7955 |
| v. ) | |
| ) | Judge John Robert Blakey |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

For the reasons explained below, Defendants' bill of costs [159] and Plaintiff's bill of costs [160] are both denied.

STATEMENT

Plaintiff sued Defendants Peter Bucks, Matthew Bouch, and Terry Frigo for false arrest, excessive force, failure to intervene, conspiracy to falsely arrest, conspiracy to use excessive force, and malicious prosecution. After a trial, the jury found for the Defendants on all counts except one: it found for Plaintiff on the excessive force claim against a single defendant (Defendant Matthew Bouch) and awarded Plaintiff $304,000 in compensatory damages and $7,500 in punitive damages. *See* [152]. Thereafter, Plaintiff filed a bill of costs, seeking to recover $12,513.91 [160]. Defendants Frigo and Bucks also filed a bill of costs, seeking to recover $5,507.73 [159].

Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs−other than attorney's fees−should be allowed to the prevailing party." This Rule "creates a presumption in favor of awarding costs to the prevailing party." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 666 (7th Cir. 2014). Like most presumptions, this one can be overcome−"particularly in so-called 'mixed result' or 'mixed outcome' cases, where each side prevails in some respects and not others, and where the district court has wide discretion to deny costs to both sides." *Thorncreek Apartments I, LLC v. Village of Park Forest*, 123 F. Supp. 3d 1012, 1014 (N.D. Ill. 2015) (citations omitted). "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." *Smart v. Local 702 IBEW*, 573 F.3d 523, 525 (7th Cir. 2009). Under this standard, there is no question that Plaintiff prevailed: the jury awarded him several hundred thousand dollars in compensatory damages and another $7,500 in punitive

damages. *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (when one party gets substantial relief it "prevails" even if it doesn't win on every claim). At the same time, Defendants Frigo and Bucks also prevailed, in that the jury found in their favor on every claim Plaintiff asserted against them.

*Thorncreek Apartments* is instructive here. Plaintiffs in that case prevailed on just one of several claims against just two of the eleven defendants they sued and received $2 million in compensatory damages and $5,000 in punitive damages–a significant award, but a small fraction of what they asked for; the other nine defendants "prevailed outright." The court noted that "[w]here a plaintiff prevails against some defendants but loses against others, one option is to tax the plaintiff's costs to the losing defendants and the winning defendants' costs to the plaintiff." *Id*. at 1015 (citations omitted). Nevertheless, because it was "impossible to disentangle and allocate the costs expended by either side as between the prevailing and non-prevailing defendants," the court determined the "better option" in that case was "for the parties to bear their own respective costs." *Thorncreek Apartments*, 123 F.Supp. 3d at 1015.

This is the appropriate course here as well. Although Defendants Frigo and Bucks prevailed for purposes of Rule 54, Plaintiff is correct that the majority of the costs these Defendants seek relate to evidence that was also admitted with respect to Defendant Bouch, who cannot be said to have prevailed. Likewise, the copies, transcripts and witness statements for which Plaintiff seeks reimbursement may have helped Plaintiff prevail against Defendant Bouch, but they were also utilized in his unsuccessful claims against the other Defendants. For this reason, the Court finds that each side should bear its own costs and, accordingly, denies both Defendants' bill of costs [159] and Plaintiff's bill of costs [160].

Dated: August 11, 2017          Entered:

_____
John Robert Blakey
United States District Judge