IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVONTE JAMES, ) <br> ) <br>        Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> CITY OF CHICAGO, *et al.*, ) <br> ) <br>        Defendants. ) | Case No. 14 C 7955 <br><br> Judge John Robert Blakey |

ORDER

For the reasons explained below, Plaintiff's motion for leave to amend his complaint to add a claim for injunctive relief [153] is denied.

STATEMENT

Plaintiff has moved for leave to amend his Second Amended Complaint to add a request for injunctive relief with respect to his *Monell* claim. The motion [153] is denied. Before trial, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Although amendment is possible after trial and judgment, Rule 15(b) does not "grant a mulligan" or give parties a second chance to try out a new theory. *Barsky v. Metro Kitchen & Bath, Inc.*, 587 F. Supp. 2d 976, 992 (N.D. Ill. 2008). Additionally, "[d]elay in presenting a post-judgment amendment when the moving party had an opportunity to present the amendment earlier is a valid reason" to deny leave to amend. *United States Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980).

Here, Plaintiff seeks leave to amend after trial, after the jury returned its verdict, and after the Court−by agreement of the parties−released the jury. Yet the scope of Plaintiff's *Monell* claim (and the ramifications associated with that scope) was clearly known to Plaintiff long before he filed this motion. When the Court ruled on Defendants' motion to bifurcate on February 11, 2016, it noted that the *Monell* claim, as drafted, did not seek injunctive relief, but sought the same relief as Plaintiff's underlying claims against the individual defendants (i.e., money damages). Indeed, the Court explained that, consistent with the Seventh Circuit's reasoning in *Swanigan v. City of Chicago*, 775 F.3d 953 (7th Cir. 2015), the lack of any claim for injunctive relief was significant in the Court's decision to bifurcate. The next day, on February 12, 2016, Plaintiff filed the Second Amended Complaint; yet the amended *Monell* claim, like its predecessor, sought only money damages, not

injunctive relief. The subject came up yet again at the parties' final pretrial conference, and again after the jury returned its verdict on the non-*Monell* claims. Upon return of the verdict, this Court asked specifically if the jury could be released and Plaintiff agreed with the release – signaling to the Court and to Defendants that the case, including the *Monell* claim, was closed.

Allowing Plaintiff to amend as requested would significantly expand the scope of relief available to Plaintiff and require the Court to somehow re-empanel the released jurors, which would be grossly unfair to Defendants, the jurors, and the Court. The prospect of unfairness is particularly acute here, because Plaintiff was aware of the issue and could have sought leave to amend earlier, yet he chose not to. In short, Plaintiff opted to proceed through trial on the Second Amended Complaint as drafted, and he is now stuck with that choice. *E.g., Sharp v. Barnhart*, 117 F.2d 604, 607 (7th Cir. 1941) ("As has often been observed, the purpose of pleadings is to narrow the issues to be tried. When the issues are determined by voluntary stipulation, and a full trial had thereon, the trial court does not abuse its discretion in refusing to permit an amendment which included an element of damage– deliberately removed by the moving party. It would be an abuse of discretion to grant the application, save in unusual or exceptional cases.").

Dated: August 16, 2017                     Entered:

 

_____
John Robert Blakey
United States District Judge